**Dion ANDERSON, Plaintiff–Appellant,**

v.

**The CITY, the California Department of Corrections and Rehabilitations; the County of Kings, Defendants–Appellees.**

No. 14–17451.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Dec. 1, 2015.

Dion Anderson, Delano, CA, pro se.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

California state prisoner Dion Anderson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 claim alleging constitutional violations stemming from purportedly false charges of battery on a correctional officer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir.2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hamilton v. Brown,* 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A). We affirm.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The district court properly dismissed Anderson's claims against defendants Gibson, Cavazos and Lozano because Anderson failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (requirements for facial plausibility); *Starr v. Baca,* 652 F.3d 1202, 1207–08 (9th Cir. 2011) (requirements for establishing supervisory liability); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) (explaining that there is "no legitimate claim of entitlement to a prison grievance procedure").

The district court properly dismissed Anderson's claims against defendant King County because Anderson failed to allege facts sufficient to establish municipal liability. *See Jackson v. Barnes,* 749 F.3d 755, 763–64 (9th Cir.2014) (discussing factual allegations sufficient to establish municipal liability based on a policy of inaction).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.